IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. WARNER, Executor of the Estate of GAGE W. ALLAM, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SWEPI, LP, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cv-326<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Pending before the Court in this ongoing litigation is Defendants' motion to dismiss the claim of Christine Gray Hogan ("Hogan") for failure to prosecute. ECF No. 220. Also pending is a motion by Attorney Joseph E. Altomare, Esq., to withdraw as counsel of record for Hogan. ECF No. 232. For the reasons that follow, the Defendants' motion will be granted and Mr. Altomare's motion will be dismissed as moot.

### I.　BACKGROUND

Plaintiff Christine Gray Hogan ("Hogan") and numerous other individuals commenced this action against Defendants SWEPI LP and SHELL ENERGY HOLDING GP LLC (collectively, "SWEPI") to recover payments that are allegedly owed under the terms of certain oil and gas leases. Following the resolution of certain pretrial motions, SWEPI's counsel, Jeremy A. Mercer, Esq., served discovery on Hogan on March 17, 2021, ECF No. 221-1, making Hogan's responses due on April 16, 2021. Delays ensued and, as of August 2022, Hogan still

1

had not provided complete discovery answers. ECF No. 221-2. Nevertheless, her deposition was initially scheduled for October 7, 2022. ECF No. 221-3.

On September 28, 2022, Mr. Mercer sent Mr. Altomare an email inquiring whether Hogan would voluntarily dismiss her claim against SWEPI, as there appeared to be an express reservation of oil and gas interests in Hogan's chain of title.[1] ECF No. 221-4. After getting no response, Mr. Mercer sent a follow-up inquiry to Mr. Altomare on October 5, 2022. ECF No. 221-5. Over the next two days, counsel exchanged emails whereby they agreed to reschedule Hogan's deposition based on Mr. Altomare's expectation that Hogan would agree to a dismissal of her claim. ECF Nos. 221-6, 221-7.

As set forth extensively in SWEPI's brief, defense counsel attempted on numerous occasions thereafter to confirm whether Hogan would voluntarily dismiss her claim. Between October 10 and November 9, 2022, SWEPI's counsel emailed Mr. Altomare at least six times concerning the status of SWEPI's pending dismissal request. ECF Nos. 221-8, 221-10, and 221-12. During a conversation on November 16, 2022, Mr. Altomare communicated to Mr. Mercer that he had received verbal authorization from Hogan to dismiss her claim, but that he had not yet received her written authorization, despite his repeated requests. ECF No. 221 at 4. Given the uncertainty of Hogan's status, the parties agreed to reschedule her deposition to November 22, 2022. ECF No. 221-13. On the eve of the deposition, Mr. Altomare emailed defense counsel the following update:

> I have faithfully been trying to reach [Hogan] by phone, to no avail. She does not have a working voice mail. However, I spoke with [the co-owner of Hogan's property] and he told me that she thought her claim was dismissed with his. I've asked him to get her to send me an authorization to dismiss, and I'm waiting for it. I think we can be confident that she will not show, so I propose that we cancel the deposition.

---

[1] Hogan co-owned the property in question with another individual whose status is irrelevant for present purposes. Accordingly, the Court will refer only to Hogan as the relevant leaseholder and claimant.

ECF No. 221-14. Because discovery had technically closed several days prior, Mr. Mercer declined to cancel or further postpone Hogan's deposition. *Id.*

Accordingly, on November 22, 2022, Hogan's deposition went forward, and she failed to appear. Both Mr. Altomare and Mr. Mercer placed comments on the record concerning the status of SWEPI's request for a voluntary dismissal of Hogan's claim. Mr. Altomare confirmed that

> in the initial go-around when I advised [defense counsel] that [Hogan] was going to dismiss, I think we also understood between us that I was waiting for her authority in writing, and I told her that, that I wouldn't do anything until I had written authority from her to dismiss.
>
> She never sent that, and since then . . . I did send her the Notice of Deposition for today. I repeatedly called her and sent her emails asking for authority to dismiss, to follow through with what she had told me earlier, and I have not heard anything back.

ECF No. 221-15, Hogan Depo. at 5:16-6:3.

Following Hogan's no-show at the November 22, 2022 deposition, Mr. Mercer again reached out repeatedly to Mr. Altomare to inquire whether the issue of a voluntary dismissal had been definitively settled. On at least seven occasions between November 22, 2022 and February 21, 2023, Mr. Mercer emailed Mr. Altomare seeking clarity on Hogan's position. ECF Nos. 221-16, 221-18, and 221-19. Finally, on February 22, 2023, Mr. Altomare acknowledged that he had "been trying to reach Ms. Hogan for months by phone and email, to no avail," and that SWEPI's attorney would have to take "unilateral action," which Mr. Altomare would "not oppose." ECF No. 221-19.

SWEPI filed the instant motion for an involuntary dismissal of Hogan's claims on April 4, 2023. ECF No. 220; *see also* ECF No. 221. Mr. Altomare did not oppose SWEPI's motion

3

but instead filed the pending motion to withdraw as Hogan's counsel of record. ECF No. 232. In his motion to withdraw, Mr. Altomare makes the following representations:

> [ ] I have made numerous attempts to contact Ms. Hogan by Email using the address from which she was previously responsive, and never received any undeliverable notice . . .
>
> [ ] I have made innumerable phone calls to Ms. Hogan and left voice mail messages for her, to no avail.
>
> [ ] I have made phone calls to Ms. Hogan's father, Gilbert Gray, who confirmed that the Email address and phone number I was using to attempt contact [with] her were correct
>
> [ ] Notwithstanding all of the above Ms. Hogan continues to remain incommunicado.
>
> [ ] I cannot in good faith continue to represent Ms. Hogan.

ECF No. 232 at ¶¶ 2-6. SWEPI filed its response on May 4, 2023. ECF No. 236.

## II. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit*:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party ... was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphasis in the original); *see Brownlee*, 2020 WL 3055829, at *2. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218,

4

221 (3d Cir. 2003). In this case, Hogan's failure to respond to her attorney or otherwise prosecute her case justifies a dismissal of her claims under the foregoing *Poulis* factors.

### *The Extent of Plaintiff's Personal Responsibility*

As discussed above, Plaintiff has been represented at all relevant times by Attorney Altomare. The undersigned accepts Mr. Altomare's representation as an officer of the Court that he has repeatedly tried, through various means, to contact Hogan concerning SWEPI's pending request for dismissal, but to no avail. Given Mr. Altomare's extensive one-way efforts to effectuate contact with his client, Hogan bears sole personal responsibility for her failure to either provide written authorization for a dismissal or, alternatively, move forward with her claim. This factor weighs in favor of dismissal.

### *Prejudice to the Defendants*

At this point in time, Hogan's claim against SWEPI has been pending for approximately three and one-half years. Although SWEPI served written discovery on Hogan more than two years ago, no answers to interrogatories have yet been served. Plaintiff's deposition, originally scheduled for October 7, 2022, was initially postponed based on counsels' mutual understanding that Hogan's claim would be voluntarily dismissed. When Hogan's deposition was eventually rescheduled to November 22, 2022, she failed to show even though she had been notified of the new date. And, as Mr. Altomare has attested, his repeated attempts to obtain written authorization for a voluntary dismissal have gone unanswered. Hogan's ongoing failure to communicate with her attorney has left the pending request for dismissal unresolved, and her failure to appear at her deposition has impeded SWEPI's ability to fully mount a defense or otherwise advance this litigation toward a just and efficient resolution. In this respect, SWEPI has been prejudiced. This conclusion also supports a Rule 41(b) dismissal.

*Plaintiff's History of Dilatoriness*

Based on the facts recited herein, it appears that Hogan has not meaningfully participated in this litigation since she answered SWEPI's requests for admission in August 2022. In the ensuing months, she failed to complete written discovery, failed to appear for deposition, and failed to communicate with her attorney concerning her prosecutorial intent. On balance, Hogan's extensive history of dilatoriness weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad Faith*

As noted, Mr. Altomare attests that he has made "innumerable" phone calls to Hogan as well as "numerous attempts" to contact her via email, but to no avail. ECF No. 232 at ¶¶2-3. The Court presumes that Hogan received Mr. Altomare's communications based on counsel's representation that Hogan's father confirmed the accuracy of the email address and phone number Mr. Altomare was using. This presumption is supported by the fact that no email messages came back as "undeliverable." *Id.*, ¶2. Under these circumstances, the Court assumes that Hogan's refusal to communicate with her attorney or otherwise participate in these proceedings is willful. Hogan's willful delays further justify the dismissal of her claim.

*The Effectiveness of Lesser Sanctions*

SWEPI's exhibits show that, on October 5, 2022, defense counsel emailed Mr. Altomare concerning the status of Hogan's claim. ECF No. 221-5 at 2. Counsel sought an immediate response because Hogan's deposition was scheduled to occur just two days later on October 7, 2022. In his reply email, Mr. Altomare indicated his expectation that Hogan would provide her authorization for a dismissal of her claim, as Mr. Altomare had "made clear" that she would "otherwise incur significant costs." *Id.* This exhortation evidently failed to elicit any definitive response or action on the part of Hogan. The Court therefore considers it unlikely that monetary

sanctions would induce Hogan to participate in this litigation and/or communicate more effectively with her attorney. The ineffectiveness of lesser sanctions suggests that dismissal of Hogan's claim is the appropriate sanction in this case.

*The Merit of Plaintiff's Claim*

Although the merits of this case have not been fully litigated, the record before the Court suggests that SWEPI has a valid defense on the issue of liability. This Court previously ruled that, to the extent the lease agreements constitute enforceable contracts, SWEPI bears the burden of proving that its contractual payment obligation relative to any particular lease was discharged by a title defect in the underlying mineral rights. *See* ECF No. 86 at 16-22. To that end, SWEPI has colorably asserted that there was an express reservation of oil and gas rights in Hogan's chain of title. Mr. Altomare does not presently dispute the accuracy of SWEPI' assertion, nor does the record suggest he has any grounds to do so. In fact, the express reservation clause served as the very basis for SWEPI's request that Hogan voluntarily dismiss her claim. Thus, to the extent the record has been developed in Hogan's case, the evidence suggests she lacks a meritorious claim to payment under the terms of her lease.

*Summary of the Court's "Poulis" Factor Analysis*

Although no single *Poulis* factor is dispositive, each one appears to favor dismissal as the appropriate result in this case.

### III. CONCLUSION

Based upon the foregoing reasons, Defendants' motion for an involuntary dismissal of Hogan's claim will be granted. The motion of Attorney Altomare to withdraw as Hogan's counsel will be dismissed as moot.

An appropriate Order follows.

                                                                                          /s/ Susan Paradise Baxter
                                                                                          Susan Paradise Baxter
                                                                                          United States District Judge