IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. WARNER, Executor of the Estate of GAGE W. ALLAM, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:19-cv-326 |
| SWEPI, LP, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Among the matters pending in the above-captioned case is a motion by Plaintiff Cynthia A. Tygert ("Mrs. Tygert") to substitute herself for Plaintiffs David T. Tygert and Cynthia A. Tygert (husband and wife) by reason of David T. Tygert's death on September 27, 2019. ECF No. 204. Mrs. Tygert is one of numerous individuals who have sued SWEPI, LP and SHELL ENERGY HOLDING GP, LLC (collectively, "SWEPI") for amounts that are allegedly owing under certain oil and gas leases.

Mrs. Tygert attests that, as of December 20, 2011, when she executed her Paid Up Oil and Gas Lease in favor of SWEPI, she owned the subject mineral estate jointly with her husband in the entireties. ECF No. 204-1. She posits that, by virtue of her survivorship in the entireties, she is the sole successor in interest to the claim heretofore asserted by the marriage. Mrs. Tygert asks that the Court substitute her as the appropriate Plaintiff relative to her claim.

SWEPI contests Plaintiff's request for relief. It asserts two bases for its opposition: (1) Mrs. Tygert is not capable of being substituted for Mr. Tygert because his cause of action did not survive if, as is asserted, the property at issue was held by the Tygerts as tenants by the entireties;

1

and (2) even if the claim did survive, Mrs. Tygert's motion does not support the relief she is seeking under Federal Rule of Civil Procedure 25.

Under Pennsylvania law, "[a] tenancy by the entireties is a form of co-ownership of real or personal property by husband and wife, by which together they hold title to the whole and right of survivorship, so that, upon death of either, the other takes whole to the exclusion of the deceased's heirs."[1] *In re Est. of Armor*, 289 A.3d 548 (Pa. Commw. Ct. 2022) (citation, footnote, and internal quotation marks omitted). "Spouses form a tenancy by the entireties when they 'take identical interests simultaneously by the same instrument and with the same right of possession, with an essential characteristic being that each spouse is seized of the whole or the entirety and not a divisible part thereof.'" *Id.* (quoting *Farda v. Commonwealth*, 849 A.2d 297, 298 n.1 (Pa. Cmwlth. Ct. 2004)); *see also Madden v. Gosztonyi Savings & Trust Co.*, 200 A. 624, 628 (Pa. 1938) (under Pennsylvania law "where property is held in the names of husband and wife they hold it by entireties"). Assuming, as Mrs. Tygert asserts, that she and her husband held title to the subject oil and gas interests as tenants in the entireties at the time they executed their lease agreement with SWEPI, it follows that Mrs. Tygert became the sole owner of that interest upon the death of her husband. *See Brobst v. Brobst*, No. 1212 MDA 2016, 2017 WL 679966, at *3 (Pa. Super. Ct. Feb. 21, 2017) (court noting that, when the plaintiff's wife died, the plaintiff became seized with sole ownership of property that the two had formerly held as tenants in the entireties; consequently, the wife's attempt to devise ownership of the property to other parties in her last will and testament was invalid).

Based on these principles, the Court is of the view that no formal substitution of parties is warranted in this case. Mrs. Tygert posits that she is now the sole successor in interest to the claim that she and Mr. Tygert previously asserted jointly as husband and wife. SWEPI agrees

that Mrs. Tygert, as the putative sole and whole owner of the mineral rights related to her lease,[1] may pursue her claim for recovery of the draft amount in her own name. "David T. Tygert" and "Cynthia A. Tygert" are each listed separately as Plaintiffs on the Court's docket. Thus, in this Court's view, no formal substitution of parties is required, and Mrs. Tygert may continue to litigate her claim in her own right. Accordingly,

IT IS ORDERED, this 26th day of May, 2023, that the Motion for Substitution of Cynthia A. Tygert for "David T. Tygert and Cynthia A. Tygert (Husband and Wife)," ECF No. [204], shall be, and hereby is, DISMISSED as moot. The Clerk is directed, however, to terminate David T. Tygert's status as a party to this civil action.[2]

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge

---

[1] SWEPI does not concede that Mrs. Tygert or her late husband in fact owned the oil and gas rights at issue, as that point has not been litigated to conclusion.

[2] The controlling pleading, Plaintiffs' Second Amended Complaint, purports to identify each Plaintiff in this case by their "assigned number" on the "roster" set forth in Exhibit D. *See* ECF No. 41, ¶18. Exhibit D, in turn, lists "Tygert, David T. and Cynthia A., husband and wife" as the 87th entry on the roster. *See* EC No. 41-4 at 4. To the extent the instant motion can be construed as a request by Mrs. Tygert for leave to amend this roster to clarify her status as the sole claimant relative to Draft # SESRAD0016, that request is granted, and the change is duly noted without the need for any additional filing.

3