IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. WARNER, Executor of the Estate of Gage W. Allam, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:19-cv-326-SPB |
| v. | )<br>) |
| SWEPI, LP, *et al.*, | )<br>) |
| Defendants. | ) |

### MEMORANDUM ORDER

Among the motions pending in this civil action is a motion by the Defendants, SWEPI LP and Shell Energy Holding GP LLC (collectively, "SWEPI"), to sequester certain recordings made by Plaintiffs' counsel, Joseph E. Altomare, Esq., and to strike certain documents containing impermissible hyperlinks. *See* Defs.' Motion to Sequester Opposing Counsel's Illegal Deposition Recordings and Strike ECF 135 and ECF 136 for Hyperlinking Violations, filed at ECF No. 184. For the reasons that follow, SWEPI's motion will be granted in part, dismissed in part, and denied in part.

I.   BACKGROUND

By way of relevant background, the Court recalls that SWEPI filed a motion to compel and request for sanctions on September 20, 2022 relative to discovery disputes that have arisen in this case. ECF No. 115. Generally speaking, SWEPI alleged that it had been prejudiced in its attempt to conduct meaningful depositions of various individual Plaintiffs in that the subject Plaintiffs had not adequately responded to SWEPI's written discovery in advance of their scheduled depositions. Many, if not all, of the depositions at issue had been conducted by videoconference for the convenience of the deponents and, with respect to all of the depositions,

1

Mr. Altomare had been granted leave to appear remotely via zoom because of his present residence in another state. Unbeknownst to SWEPI's counsel, Mr. Altomare recorded both "on the record" and "off the record" portions of his clients' depositions and saved them on his Microsoft OneDrive account. The recordings were apparently undertaken without consent from defense counsel, the videographer, or the stenographer. Defense counsel first became aware of the recordings when, on October 1, 2022, Mr. Altomare responded to SWEPI's motion to compel/sanctions motion and included therein hyperlinks to the deposition recordings. ECF No. 135. Mr. Altomare's subsequent errata to that response, filed at ECF 136, similarly contains the hyperlinks.

Having become aware of the recordings, defense counsel sent correspondence to Mr. Altomare objecting to this practice and stating plainly that defense counsel did not consent to any future recordings of the Plaintiffs' depositions. Nevertheless, Mr. Altomare apparently continued to record a number of subsequent depositions over the objections of SWEPI's attorney.

This motion followed in which SWEPI argues that the recordings were made illegally and in violation of Federal Rule of Civil Procedure 30(b)(3). Accordingly, defense counsel requests that the undersigned enter an order directing Mr. Altomare to: (1) sequester, preserve, and not review, watch, listen to, transcribe, or otherwise use any of the video recordings he has made of depositions taken to-date; (2) cease using any and all materials that he has generated as a result of the illegally obtained, unauthorized, and improper recordings; (3) cease making such recordings as this case moves forward; and (4) certify that he has complied with and will continue to comply with the foregoing. ECF No. 184 at 5. Additionally, SWEPI requests that the

2

documents filed at ECF Nos. 135 and 136 be stricken, since they contain impermissible hyperlinks to the recordings in question.

In response to the pending motion, Mr. Altomare disputes that his deposition recordings violate Pennsylvania law and/or Federal Rule 30(b)(3). He therefore opposes most of the remedial measures that SWEPI requests but concedes that his inclusion of the hyperlinks in the Plaintiffs' response and subsequent errata violated Local Civil Rule 5.1(L)(2)(c).

## II.   DISCUSSION

As an initial matter, the Court will dismiss as moot the Defendants' request to strike the documents filed at ECF Nos. 135 and 136. Those documents have since been sealed, as all parties agree they violate the proscription in the Court's local rules pertaining to hyperlinks. *See* LCvR 5.1(L)(2)(c) ("Electronically filed documents may not contain in text or footnotes: . . . Hyperlinks to audio or video files"). Mr. Altomare has since filed a "clean" version of his response to SWEPI's motion to compel/ motion for sanctions, which omits any hyperlinks to the deposition recordings. *See* ECF No. 208.

Still at issue, however, is SWEPI's predicate objection to the recordings themselves. According to SWEPI, the recordings violate Rule 30(b)(3)(B), and potentially violate Pennsylvania's laws against nonconsensual recordings, 18 Pa. C.S.A. §5701, et seq. and 18 Pa. C.S.A. §5725(a). Presently, the Court need not, and will not, opine on whether the challenged records violate Pennsylvania statutory law. As set forth in Mr. Altomare's response, it is at least debatable whether the recorded parties possessed a reasonable expectation of privacy at the time the recordings occurred, and the parties' expectations in that regard may materially impact any potential criminal or civil liability. *See generally* ECF No. 191 at 3-4 (citing authority). Out of an abundance of caution, however, the Court will direct that Mr. Altomare preserve the

3

recordings but avoid viewing or making any use whatsoever out of those portions that captured "off the record" communications.

More relevant for present purposes is the applicability of Federal Rule of Civil Procedure 30(b)(3), which provides as follows concerning the methods of recording depositions:

> **(A)** *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> **(B)** *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30.

Here, SWEPI contends that Mr. Altomare violated the provisions of the rule by failing to provide prior written notice of his intent to record his clients' depositions. Mr. Altomare posits, on the other hand, that the notice provisions of Rule 30(b)(3) relate only to the manner of establishing an *official* record, as opposed to an *unofficial* record that is intended only for counsel's personal use.

Mr. Altomare's position that he was under no obligation to comply with the notice provisions of Rule 30(b)(3) is unpersuasive. Indeed, in most of the cases he cites, there was no discussion of the Rule's notice requirement because proper notice had been given by the recording party in advance of the deposition. *See, e.g., Alcorn v. City of Chicago*, 336 F.R.D. 440 (N.D. Ill. 2020); *Julian v. Lee*, Civil Action No. 18-10661, 2020 WL 8184920, 2020 U.S. Dist. LEXIS 2480649 (E.D. Mich. July 22, 2020); *EEOC v. Draper Dev. LLC*, No. 1:15-CV-877, 2016 WL 11605137, 2016 U.S. Dist. LEXIS 198843 (N.D.N.Y. May 9, 2016); *Maranville v. Utah Valley Univ.*, No. 2:11cv958, 2012 WL 1493888, 2012 U.S. Dist. LEXIS 59617 (D. Utah

April 27, 2012). Other courts have simply acknowledged the notice requirements of Rule 30(b)(3) without any particular emphasis on whether the recording party intended to make an official (versus unofficial) record of the deposition. *See, e.g., Barth v. City of Peabody*, No. 15-13794-MBB, 2019 WL 2525475, at *6, 2019 U.S. Dist. LEXIS 103059, at *14 (D. Mass. June 19, 2019) (recognizing that *pro se* plaintiff's attempt to audio-record his own deposition, for which defense counsel had secured a court stenographer, was not permissible without prior notice under Rule 30(b)(3)); *Schoolcraft v. City of N.Y.*, 296 F.R.D. 231, 239-240 (S.D.N.Y. 2013) (holding that plaintiff's attorney violated Rule 30(b) when he brought his own video camera to a scheduled deposition and indicated for the first time at the deposition that, notwithstanding the presence of a court stenographer, he intended to use the video camera to videotape the deponent's testimony; court concluding that attorney's failure to serve proper Rule 30(b) notice and the potential difficulties surrounding the recordings were appropriate grounds for adjourning the deposition); *Burgess v. Town of Wallingford*, No. 3:11- cv-1129, 2012 WL 4344194, at *7 (D. Conn. Sept. 21, 2012) (emphasis in original) (court allowing plaintiff to make audio recordings of deposition testimony "if he gives *prior notice* to the deponent and other parties in the action of his intention to so record"; court stating that plaintiff "must ensure that his notices are properly served prior to the depositions") (emphasis in the original).

Based on these persuasive authorities, the Court concludes that Mr. Altomare was required to provide formal notice of his intention to record the depositions in question, and his failure to do so places him in technical violation of Rule 30(b)(3). Moreover, Mr. Altomare should not have made nonconsensual recordings of those parts of the deposition proceedings that were "off the record." On the other hand, with respect to any "on the record" proceedings that were recorded, the Court finds that any potential prejudice to the defense can be sufficiently

mitigated by an order that precludes Mr. Altomare from: (i) publishing the recorded depositions, (ii) utilizing them in future filings, or (iii) otherwise offering them as evidence in this case. Indeed, as discussed, the Court's local rules expressly prohibit any future use of hyperlinks to audio or visual files. Thus, the certified stenographic record will serve as the official record of the witnesses' depositions in this case. For these reasons,

IT IS ORDERED this 7th day of July, 2023, that Defendants' "Motion to Sequester Opposing Counsel's Illegal Deposition Recordings and Strike ECF 135 and ECF 136 for Hyperlinking Violations," ECF No. [184], is GRANTED to the extent that Attorney Joseph E. Altomare is hereby directed to refrain from: (i) publishing the unnoticed video recordings he has made of depositions taken to date, (ii) utilizing said video recordings in future court filings, and/or (iii) otherwise offering said video recordings as evidence in this case. The motion is further GRANTED insofar as Mr. Altomare is directed to preserve the challenged recordings and to avoid viewing or making any use whatsoever of those portions that involve "off the record" proceedings. Further, Mr. Altomare shall henceforth serve appropriate notice under Rule 30(b)(3) to the extent he desires to record any future depositions in this civil action.

IT IS FURTHER ORDERED that Defendants' motion at ECF No. [184] is DISMISSED as moot insofar as it seeks an order striking the filings docketed at ECF Nos. 135 and 136.

IT IS FURTHER ORDERED that, in all other respects, Defendants' motion at ECF No. [184] is DENIED.

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge