IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. WARNER, Executor of the Estate of GAGE W. ALLAM, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:19-cv-326 |
| SWEPI, LP, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

NOW, this 29th day of November, 2023, upon consideration of the parties' arguments set forth in their respective filings as well as the arguments proffered during the motion hearing held on November 27, 2023, IT IS ORDERED as follows:

1. Defendants' motion to substitute Shell Legacy Holdings LLC as the successor-in-interest to Defendant SWEPI LP, ECF No. [227], is hereby GRANTED inasmuch as SWEPI LP is now legally defunct and substitution is warranted pursuant to Federal Rule of Civil Procedure 25(c). The Clerk is directed to amend the docket accordingly, so as to substitute the name of "Shell Legacy Holdings LLC as successor-in-interest to SWEPI LP" in the above-captioned matters for SWEPI LP.

2. Plaintiffs' motion for joinder of additional corporate entities, ECF No. [238], is hereby DISMISSED as moot in light of Plaintiffs' notice of withdrawal of said motion, ECF No. [283]. The Court's DISMISSAL of the motion for joinder is without prejudice to Plaintiffs' right to refile same, pending resolution of Plaintiffs' fraudulent conveyance and related claims in the case of *Seltz, et al. v. SWEPI LP*, No. 1:23-cv-243.

1

3. Plaintiffs' Motion to Compel the De-Designation of the Confidentiality of Certain Documents and for Sanctions, ECF No. [252], is DENIED. To the extent Plaintiffs' counsel seeks to utilize or rely upon any documents that the Defendants previously produced under a "confidential" designation, either in connection with Rule 56 proceedings or at trial, the Court has granted Plaintiffs' counsel leave to submit such filings under seal in the first instance. Upon receipt of Plaintiffs' sealed filings, Defendants will be directed to review same and designate those documents for which the "confidential" designation should, in good faith, be rescinded. To the extent Defendants refuse to rescind any particular "confidential" designation, Plaintiffs will be given an opportunity to litigate their objections.

4. Plaintiffs' Motion for Penal Sanctions, ECF No. [266], is DISMISSED without prejudice to Plaintiffs' right to reassert said motion, pending resolution of the claims asserted in the case of *Seltz, et al. v. SWEPI LP*, No. 1:23-cv-243.

5. Rule 56 motions for summary judgment in this matter shall be due on or before **May 10, 2024.** Responses in opposition to Rule 56 motions shall be due on or before **June 28, 2024.** Any replies by the movant(s) shall be due on or before **July 12, 2024.** All Rule 56 filings shall comply with Federal Rule of Civil Procedure 56, Local Civil Rule 56, and the practices and procedures of this Court, found at https://www.pawd.uscourts.gov/sites/pawd/files/Baxter_PP_2019.pdf.

*/s/ Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge